UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WENDY NELSON,

                Plaintiff,

v.                                                Case No. 16-cv-1679-pp

DR. KELLY O'BRIEN,

                Defendant.

**ORDER GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 14) AND DISMISSING THE CASE**

On July 5, 2018, the defendant filed a motion for summary judgment, arguing that the plaintiff had not exhausted her administrative remedies prior to filing this lawsuit in federal court. Dkt. No. 14. When the defendant filed the motion for summary judgment, the court had not yet issued a scheduling order, so on July 11, 2018, the court issued an order explaining that on or before August 17, 2018, the plaintiff should file a brief in opposition to the motion for summary judgment, and that if she did not file an opposition brief that that date, the court would decide the defendant's motion for summary judgment without her input. Dkt. No. 18 at 2. The court noted that if the plaintiff needed more time to respond to the motion or needed additional evidence to support her response, she should file a request with the court, in time for the court to received it by the end of the day on August 17, 2018. Id.

1

August 17, 2018 has come and gone, and the court has not received anything from the plaintiff—no opposition brief, no request for additional time. The court has no indication that the plaintiff did not receive its order; the court mailed it to the address the plaintiff provided in June, and the order did not come back by return mail. The court will decide the defendant's motion for summary judgment without input from the plaintiff.

The Prison Litigation Reform Act, 42 U.S.C. §1997e(a) (which applies to the plaintiff because she was incarcerated when she filed her case) says that an inmate cannot file a civil rights lawsuit under §1983 "until such administrative remedies as are available are exhausted." For the plaintiff to have exhausted administrative remedies through the Inmate Complaint Review System (ICRS), she would have had to file an inmate complaint no later than fourteen calendar days after the event that gave rise to the grievance. See Wis. Admin. Code §DOC 310.09(6); see also Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002) (concluding that an inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require" in order to exhaust administrative remedies). The undisputed facts show that the plaintiff did not file *any* offender complaints regarding her allegation that the defendant prescribed nasal spray and antihistamines despite the allegedly terrible side

2

effects it caused for the plaintiff.[1] Dkt. No. 16, ¶¶3-7. The defendants indicate that the plaintiff filed only four medical complaints during the ten years that she was incarcerated, and that none of them were related to nasal spray or antihistamines. Dkt. No. 15 at 6. Therefore, the plaintiff failed to exhaust administrative remedies prior to filing this lawsuit, and the court will grant defendant's motion for summary judgment and dismiss this case.

The court **GRANTS** the defendant's motion for summary judgment, dkt. no. 14, and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be

---

[1] The court accepts the defendant's proposed findings of fact as true for purpose of summary judgment because the plaintiff did not file a response as required by Civil Local Rule 56(b)(4).

filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 29th day of August 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**